UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WELLS FARGO USA HOLDINGS | CIVIL ACTION NO. 23-cv-968 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| GEORGE M. CULBERTSON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Wells Fargo USA Holdings, Inc. filed suit in state court against George Matthew Culbertson to enforce a promissory note in the principal amount of more than $126,000 and obtain recognition of a mortgage on Caddo Parish real estate that secured the debt. Paragraph 13 of the petition stated that Mr. Culbertson was on active duty in the military and thus entitled to certain benefits under the Servicemembers' Civil Relief Act. The prayer asked that an attorney be appointed to represent Mr. Culbertson in accordance with the SCRA.

Mr. Culbertson removed the case based on an assertion of federal question jurisdiction. He pointed to the reference to the SCRA and asserted that it provides a federal defense to the state court foreclosure action. The notice of removal alleged that Wells Fargo is a Texas corporation with its "principal office" in Iowa[1] and that Mr. Culbertson is

---

[1] A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where its high-level officers direct, control, and coordinate the corporation's activities. This place is sometimes described as the "nerve center" of the corporation. Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).

a citizen of Florida. The notice did not invoke diversity jurisdiction despite the appearance that it may be applicable. Mr. Culbertson later filed an answer and asserted a defense based on bankruptcy discharge.

Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity jurisdiction, federal question is required. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. If the plaintiff (Wells Fargo) relies solely on state law for its claim, it may avoid federal jurisdiction. Caterpillar, Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987).

It is also settled law that a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint. Id. at 2430. Thus, when a lender files an enforcement action in state court, the potential applicability of the SCRA likely cannot serve as the basis for federal question removal. See, e.g., Nat'l Loan Acquisitions Co. v. ACE Educ. Int'l, Inc., 2021 WL 3415211 (N.D. Ga. 2021); U.S. Bank Tr., NA for LSF9 Master Participation Tr. v. Chae, 2017 WL 8217730, *5 (N.D. Ga. 2017); and WBGLMC v. Ball, 2014 WL 6977713 (D. Md. 2014).

Mr. Culbertson is directed to promptly file either (1) an amended notice of removal that invokes diversity jurisdiction and sets forth specific facts that support diversity jurisdiction or (2) a memorandum with legal authority for the proposition that the court may exercise federal question jurisdiction over this case. The court will review the case

after a reasonable time and determine whether (1) Mr. Culbertson has met his burden of establishing a basis for subject-matter jurisdiction or (2) remand is required.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of August, 2023.

Mark L. Hornsby
U.S. Magistrate Judge